## BURTON *v.* ROBINSON.

REDEMPTION. *Sale of land. Pleading and practice.* A tender of the proper amount of money, to the purchaser of land, sold under a deed of trust, with an offer to give the credit on his judgment, by a *bona fide* creditor, who seeks to redeem, is sufficient to secure his right against such purchaser, though the tender be refused by him.

Cases cited: Hill *v.* Walker, 6 Col., 432; Carden *v.* Spillman, Thompson's Tenn. Cases, 25.

Code cited: Sections 2127, 2128, 2131*a*.

### FROM MADISON.

Appeal from the Chancery Court. H. W. Mc-CORRY, Chancellor.

Burton v. Robinson.

CARUTHERS & MALLORY for plaintiff.

CAMPBELL & JACKSON for defendant.

FREEMAN, J., delivered the opinion of the court.

The question in this case is, whether complainant is entitled to enforce a redemption of a certain tract of land sold under a deed of trust, and purchased by defendant, on the 3d of January, 1876. It is satisfactorily shown that Burton, being a judgment creditor of H. & M. Byrum, who were the makers of the deed of trust, tendered the proper amount to Robinson, who at first agreed to accept it, and afterwards declined to do so; that he also proposed to credit two judgments, each with four hundred dollars, this being more than ten per cent. on the amount bid for the land. It is proper to say, that complainant went further in this case, by executing a receipt for the amount so proposed to be advanced by him, acknowledging it before the clerk of the county court, and had it registered. This was done probably in compliance with Sec. 2127 of the Code; but this cannot aid him in this case, that section only applying to the *bona fide* creditor, by judgment, decree or debt acknowledged by deed, who purchases the land, who may in twenty days, propose to advance his bid. The real or main question at least, in the case is, whether a tender of the money to the purchaser, with an offer to give the credit on his judgment, by a *bona fide* creditor who seeks to redeem, is effective to secure his right against the purchaser where the tender is refused, but the

credit is not in fact in in any way given to the original debtor, or entered on the judgment proposed to be credited. The reasoning of the judge delivering the opinion, in the case of *Hill* v. *Walker et als.*, 6 Col., 431–2, certainly goes to the point of holding that a " creditor proposing to redeem, must not only give the credit, but must do this by some positive act; and if the credit is not given and proved, the right to redeem is not acquired." The judge adds, " the actual giving the credit is a condition precedent to the existence of the equity to enforce redemption." This was said in a case where a judgment creditor proposed to redeem, tendered the money, and offered to credit a sufficient sum on his judgment as required by the Code, the right to redeem being denied and tender refused. The question was not in judgment before the court, however, as the answer made no response to this last allegation as to offer to redeem, and no proof was made of the fact, and the court had disposed of this question by saying, " no proof being made of the alleged offer to credit, it cannot be taken that such offer was made or credit given." If no such offer then was shown, the question of the effect of such an offer made, when the tender was refused, was not before the court for adjudication. We now have the case before us, where such an offer was made at the time of the tender of the money, and must decide the question. By sec. 2128 of the Code, it is provided, " a *bona fide* creditor who redeems from the purchaser at the sale, shall hold the property subject to redemption by the original debtor or any other of

his creditors, upon the same terms on which it was redeemable in the hands of the first purchaser, or any person claiming under him; that is to say, by the party proposing to redeem paying or tendering to the person holding the land the amount of· money paid, or credited by him as aforesaid, with interest, and also agreeing to pay to the debtor the further sum of ten per cent. or more on the sum bid for said land when sold, or crediting him with that amount or more on the debt owing to him by said debtor." By section 2131*a* of the Code, it is provided, that "the person proposing to redeem shall always pay or tender to the holder of the land, the amount of money lawfully paid by him, with interest at the rate of six per cent. per annum; and if he be a creditor, shall pay to the debtor, or credit his debt with a sum equal to ten per cent. or more, on the sum bid at the original sale, or with a sum equal to ten per cent. or more upon the judgment of said creditor, at the election of the creditor." Act of 1859–60, ch. 84.

Taken literally, these sections certainly require the payment of the ten per cent. or more, or a credit upon the judgment of this amount, in order to effectuate a redemption. They would seem to support the view of the judge in the case from 6th Col. Reps., but on careful consideration, we think it is going too far to hold that these sections require this credit to be given, where the tender is refused, and the redemption thus prevented in fact, and suspended for the time, the party being compelled to go into a court of chancery to enforce his redemption.

Burton *v.* Robinson.

This suit is brought against the purchaser alone of the land; it is a right against him alone, and it is brought to compel him to accept the money, and effectuate the right which is acquired by the tender. The credit is but an incident to the payment of the money, and the sum to be thus credited should not in fairness be credited in fact, unless the redemption is completed by acceptance of the money tendered; it is idle to require the credit, the concluding act, when the first has been defeated by refusal of the purchaser to accept the money tendered. That this was not intended by the Statute, is shown by the fact, that no mode of giving this credit is pointed out, nor does the opinion we have referred to indicate definitely how it shall be done. In addition to this we can see how it might embarrass the *bona fide* creditor, if required to enter a credit on his judgment, or give a receipt to the original debtor in advance, as he may fail to succeed in his suit for redemption, and then be put to the trouble and expense of getting clear of the credit or receipt thus given. If he does succeed, then the decree of the court enforcing his right can direct the credit to be given and entered properly, and this ought properly to be done at the end of the proceedings, and not while it was in a state of uncertainty. For these and others reasons that might be given, we think the actual giving of the credit is not necessary in a case like the present, in order to enable a party to enforce his right to redeem, as against the purchaser refusing the money when tendered. A court of equity in such case can well apply the

Burton *v.* Robinson.

maxim that, what the party proposed and offered to do, and was prevented from doing by his opponent, shall not work him any wrong.

We find that this court, in the case of *Carden* v. *Spillman et als.*, Thompson's Tenn. Cases, p. 25, opinion by Judge Greene, held, that a refusal to treat with a party seeking to redeem, does away with the necessity of an actual tender; and also with the necessity of offering to credit the judgment as required by the statute; and on the same principle we hold, the refusal to accept the tender of the money dispenses with the necessity of actually entering the credit, the party proposing to do so, if his offer is accepted.

We think there is nothing in the fact that the judgments offered to be credited were in the name of Burton and wife. He had the right to collect them, or he might be treated as the agent of the wife, if necessary, in such a case. Nor do we think there is anything in the exception to the proof of a subsequent tender a day or two after the day averred in the bill. It was all but a part of the same transaction, which the defendant refused, and the particular day was not important, both being in time allowed by law.

Affirm the decree of the chancellor with costs.